All right. Hear ye, hear ye, hear ye. This Honorable Appellate Court is back in session. Pursuant to adjournment, the Honorable Susan A. Hutchinson presiding. Please be seated. We now bring forth the case of the morning called 2-12-06-01. In re Marriage of Spiegler, on behalf of the Avalon, Mr. Michael Corsi. On behalf of the Avaline, Mr. James Stock. Mr. Corsi. Good morning, Your Honor. Good morning, sir. May I please the Court, Michael Corsi, on behalf of the Appellant. Would the Court prefer a brief summary of the facts? We don't need the facts. We are, we have reviewed those. We'll get to your argument, please. Thank you, Your Honor. There's two issues here today. The first issue, which must be addressed, I believe, is this Court's jurisdiction. Should this Court ultimately find that there is not jurisdiction, there's a likelihood that we'll eventually come back up on the second issue. The second issue is a little bit more nuanced. It is whether a dismissal of one action under 735 ILCS 619A3, there is another action pending basis, operates as res judicata or a decision on the merits as to that second subsequent simultaneous lawsuit. I'd like to begin with the first issue. Well, there's a counterclaim pending, correct? There is. How can we possibly have jurisdiction? How can we articulate how we possibly have jurisdiction when there's a counterclaim pending? The May 2nd, 2012 order does not set a future date in Kane County under this divorce case. At present, that counterclaim has now been on file and dormant for more than five years. Can't you motion it up and ask for a court date? I don't believe so, Your Honor. Why not? And here's why. When the Kane County Court made its determination in this divorce case that DiMaggio's fee petition had now been resolved on its merits, in the second district, that is now an adjudication on the merits as well as to the counterclaim because the second district, as well as the first district, holds that a fee petition and a legal malpractice case are both one cause of action. And for that case, we've cited Casney, which is from this district. We've also cited Bennett, which is from the first district. And those cases recognize that where an attorney brings a fee petition or a breach of contract action against their former client for fees that are owed, the client then must come forward with the legal malpractice claim. If the client fails to do that and subsequently there is a resolution of the fee case, the client cannot come back later on a subsequent date and pursue a claim for legal malpractice. Where's the resolution of the fee case? I'm sorry, Your Honor? Where's the resolution of the fee case? Under the divorce court's interpretation in Kane County, the resolution of the fee case was in Cook County when there was a dismissal because there were two actions pending. So under that logic, when the divorce court says that Ms. DiMaggio's fee petition is resolved in Cook County, it inescapably leads to the same conclusion that Ms. Spiegler's claims were resolved in Cook County as well, even though they were never filed there because that was a mandatory counterclaim. The failure to file it there does not stop it from being a resolution of that issue. Now, we ultimately disagree with the Kane County Court's determination that the Cook County case was an adjudication on the merits. And I think from there, the easiest place to start is Rule 273 itself. The rule starts off by saying that unless the order states otherwise, a dismissal is a dismissal, is an adjudication on the merits. Here we have the circuit court's order from Cook County, and we see that it is not considering the merits of Ms. DiMaggio's fee petition. It is simply considering whether there are two actions pending at the same time between the same parties over the same matters. That's all that is adjudicated in that order, and we have it. It is express. We can also go on to say and see that there is no reported decision in the state of Illinois ever holding that a 619A3 dismissal is the equivalent of an adjudication on the merits. In fact, it would lead to absurd results. As this court has recognized in the Hoth v. Stogstill case, there can be two actions pending. And when one case is dismissed, the other action then goes forward. The whole policy reasons behind Supreme Court Rule 273 is to ensure that you don't have multiple actions pending at the same time, such that potentially one court could come down one way and the other court could come down the other way, and there would be no way to rectify the two decisions. What was the basis for the counterclaim? What are the allegations or what are the basis in the counterclaim? Essentially, the allegations were that Ms. DiMaggio's fee was unreasonable, the work was unnecessary, and therefore Ms. DiMaggio not only was not entitled to additional fees, but also that Ms. Spiegler was entitled to a refund of the retainer that had been paid. $7,500. Correct. So she's looking in the counterclaim for monies, Ms. Spiegler. Correct. So that issue has not been resolved. It has under the reasoning of Casney and Bennett, as I started with the discussion here today, that that is a mandatory counterclaim. It makes no difference whether it is a dispute as to additional fees owed or a dispute as to whether money paid should be refunded or, as in this case, as Ms. Spiegler also claims, seeking additional money in the form of attorney's fees for responding to the fee petitions. So there is no distinction in terms of legal malpractice whether it is refuting what an attorney is seeking in the way of additional fees or has already collected either by retainer or paid fees. That is not a distinction for purposes of whether the two actions are mandatory and also resolved by virtue of an order. With regard to the 273, sorry, Supreme Court Rule 273 issue, in this case, it is just a mechanical application, and it does result in absurdity. I think the best that could possibly be said for the Kane County action was that it was in a state of mutual purgatory. Nobody had done anything with it. Why? I can't answer that, Your Honor. I don't know from the record as to what occurred. I think the best that we can possibly speculate as to is that there was a pretrial settlement conference on November 2nd of 2007. The attorneys for Ms. DiMaggio were to return on November 9th, 2007, to report on the quote-unquote settlement recommendations. From that, I could maybe postulate that Ms. DiMaggio did not agree or like the settlement recommendations or that it just fell off the corner of a desk. I don't know. So as opposed to filing the case in Cook County, which she did, as opposed to motioning a backup to reviving the matter in Kane, she filed it in Cook? Correct. Correct. Correct. Where Ms. Spiegler insisted the case should be resolved in Kane County and brought her motion to dismiss. Right. She brought it in two formats. First, she moved to dismiss it under 61983, and then alternatively she asked that it be transferred to Kane County. The court ultimately sided with the first basis and said, yes, there is another action pending. It said Ms. DiMaggio should not be rewarded for not litigating her case in Kane County, but as the record stands, it is still pending. And there is a paradox that occurs if we take that order and translate that into an adjudication on the merits. And that is because if we are going to say that a case is presently pending, we cannot also say that the order dismissing one action under 61983 is an adjudication on the merits. An action cannot be both pending and resolved at the same time. And I think that shows the real purpose behind Rule 273, and that is to avoid inconsistent results. I think the best case that illustrates this principle is Hoth, which is a case from this district. There the court conveniently had two cases that were consolidated that were arguably between the same parties and involving the same dispute. Now, the plaintiff disputed that characterization, but the court ultimately determined that Appeal 2-90-0498 should be dismissed and was appropriately dismissed under 61983. The other consolidated appeal, 2-90-0014, this court remanded for further proceedings. If we were to apply the divorce court's reasoning in this case, there would have been nothing left for this court to remand upon a finding that one of those appeals involved the same matter between the same parties as the other. So your point is that if the court found that Ms. Dimaggio, is that her name? Correct. Her claim was dismissed, then the counterclaim would have been dismissed, too. Correct. That is resolved. It's a situation where we are looking at an order from May 2nd that doesn't set a future date. And the question is, is this appealable? Is this final? If we don't appeal, is there prejudice that could resolve, should there be an argument asserted saying, well, that resolved everything? And in this instance, there would have been prejudice. If there had not been a notice of appeal, the argument could be advanced that the resolution of the fee petition by the divorce court necessarily resolved Ms. Spiegler's counterclaim. And, therefore, my client would never be allowed to eventually come here if a notice of appeal had not been filed originally. So that's why the appeal had to be filed, and that's because there's just no way to escape that finding that there's been adjudication of this fee dispute, including all necessary counterclaims. But isn't it, it's been customary, it appears in this case, that future dates are never set and that nobody seems to do anything about getting the case motioned up before the court. So how is this counterclaiming different than your client's claim where she says, oh, there's no date set, so I'm going off to Cook County? And how is this any different? It's the same thing. I think with regard to Ms. DiMaggio going off to Cook County, there was no order permanently terminating the divorce case. And I don't know if that's unique to divorce cases. Certainly there are what we call slaughter calls amongst the various circuit courts where they revisit matters to make sure is this open, is it pending, is there anything going on, we'll dismiss it. Here, the distinction between Ms. DiMaggio's case in Kane County and Ms. Spiegler's claims in Kane County is that once the divorce court renders its ruling on May 2nd of 2012 that Cook County resolve that case, now there's nothing left to be adjudicated. Did the court not have a copy of the order from Cook County in front of him? It was. It was attached to Ms. Spiegler's motion to dismiss as one of the exhibits along with the motion to dismiss that was filed in Cook County. The record does not contain Ms. DiMaggio's response to that. But basically, as the trial court in Cook County claimed, Ms. DiMaggio's position was that the Kane County case at that time was stale. It had not been motioned up. It had not been noticed up for a period in excess of three years. And that's why there was a belief that the appropriate place to go, and maybe it wasn't the exclusive appropriate place to go, was Cook County, which was the jurisdiction selected in the retainer agreement between Ms. DiMaggio and Ms. Spiegler, which was where the divorce action was originally filed. And ultimately, the court decided, for lack of any express mandate to the contrary, that Ms., and I mean the Cook County court, decided that the best place for Ms. DiMaggio to pursue her beat petition was in Kane County. Did anyone consult Kane County local rules to see what types of rules, if the case isn't called up within a certain amount of days, it's considered dismissed, or is there, did anybody look at that? There's no indication from the record that that was done, in that prior to the dismissal of the Cook County case, and I apologize, Your Honor, I had not done that before coming to this court today. I do not know if Cook County has a rule such as, or sorry, Kane County has a rule such as Cook County does. Cook County's got a 90-day rule. I'm not certain about Kane County. Well, doesn't it make sense that somebody should have done that to try to keep this alive? There were certainly options. At that time, in Cook County, there were certainly options as to the Kane County case as well. The motion to dismiss certainly could have been filed, or a motion to voluntarily dismiss what was pending in Kane County certainly could have been filed. I don't know that that necessarily would have resolved Ms. Spiegler's counterclaim in Kane County. Alternatively, it could have been stipulated just to transfer Cook County back to Kane County. Unfortunately, this is the record that we're dealt with, and we have to try to make a legal sense of it by combining multiple rules that seem to, in this case at least, have an absurd result. Therefore, I would ask this court to reverse the divorce court's May 2, 2012 decision. This is not a situation in which there has been an adjudication on the merits of either the fee claim or the counterclaim. Nobody's resolved those. Ms. Spiegler may very well be entitled to a return of her retainer. Ms. DiMaggio may very well be entitled to the additional fees that she incurred over a year of representing Ms. Spiegler. That's never been resolved. The most that's ever been decided is that there was two actions pending at the same time in different counties. Thank you, Your Honors. Thank you. Mr. Stockton? Your Honors, counsel, may it please the court? I think at least as to the first issue, there is something that counsel is overlooking. There are two claims in this case. One is a claim by DiMaggio's office for fees. The other was a counterclaim that was filed. There was a petition for fees filed in Kane and a subsequent amended petition. The amended petition was verified. There was a verified response and a verified counterclaim. There never has been a response to the verified counterclaim by DiMaggio. That is what's laying out in Kane County. In 2007, it sort of drifts away and goes into this limbo. A couple years later, DiMaggio decides to file in Cook County, and that was just a contract action. Sort of a confusing part, and part of where the appellant's argument fails, I think, is that they're saying that there was a ruling on implicit. In Cook County, there was a ruling on Spiegeler's counterclaim, and it never got to that stage. There was a complaint. Then I filed a motion to dismiss under 2619.3, along with forum issues, and the basis for the dismissal was 2619.73. Which is? There was a case pending in another county. Okay, so then you go to another county, and the judge in the other county says, Oh, I'm going to dismiss this because it was resolved in Cook. Yes. Isn't he wrong? No, and he's not wrong because the Supreme Court has said pretty clearly what the effect of 273 is, and that's involuntary dismissals are judgments on merit, unless the involuntary dismissal was based on jurisdiction, venue, or not joining the proper party, and that was not the case in Cook County. It wasn't? No. So when you were in Cook County, you didn't argue that this case shouldn't be here because there's another case pending in Kane? That's what the argument was. Does that amount to jurisdiction or venue? Pardon me? Does that not amount to jurisdiction or venue? No, I don't believe so. I think jurisdiction, there's two types, as we know, of jurisdiction. One is subject matter jurisdiction, the other is in persona. Venue. That was never raised. Venue is if it's in the improper place. For example, when this divorce was originally filed, it was filed in Cook County by DiMaggio's office. Parties lived in Kane County, so it got transferred over. That's a venue issue. And then, Spiegler, your client, get to this round in Cook County, there you insisted that the fee dispute should be resolved in Kane County, and then, only then, did you move to dismiss after the appellant's withdrawal of the motion to close, correct? When we were back in Kane? Correct. They had a motion to close. Is that what the rule was intended to do, to lead to results like that? Or do we just give the, we set aside the purpose of the rule, and we just apply it strictly? I think part of this rule is the traditional bites at the apple. And if we look at DiMaggio, she's had a bite at the apple in Kane County, she's had another bite a couple times in Kane County, then she goes to Cook County and tries to take another bite, then it comes back to Kane. In Kane, I think it's interesting that she files a motion to close the case. Presumptively, the only reason for that is then she'll go back to Cook County and file yet another contract action. So, I don't think it, if there's an absurdity to this, I think it would be to let this thing continue to go on and on and on, and Ms. Spiegeler never have an end to the torment that she's been going through with the filings of all of these petitions. Well, couldn't she have had an end to that torment when it got back to Kane County, where the Cook County court determined was the appropriate venue? And then when it got back to Cook County, instead of putting an end to the torment and resolving the issue, a motion to dismiss is filed and misleads the judge to say, this matter, Cook County dismissed it, so it's done, it's raised judicata. Why not resolve it in Kane County where it was supposed to be resolved? It is a resolution, because if our interpretation and my understanding of the case law is correct, 273 and what the Supreme Court has said in the Hudson case controls. Well, it sounds to me like 273 is a double-edged sword for you and for your clients. You're going to use it to benefit you and Cook, and then when you get out to Kane, you're going to use it to benefit you and Kane. As Justice Burkett pointed out, was this the basis for 273? Was that the reason that this rule was enacted? I think 273 was enacted to specify what the effect of an involuntary dismissal is, and that's what happened in Cook County. It was an involuntary dismissal, and the only way it could be not controlling under 273 is if it falls under one of those three exceptions. What's your position, then, with respect to the counterclaim? My position as to the counterclaim and as to why we're even here, the first issue is that the counterclaim is still alive. It has never been responded to, and I suppose in a certain sense all that's necessary is a motion in front of the trial judge in Kane County to say we've got a verified complaint, no response, it's taken as true, give us our $7,500. I can only suppose that. I've had discussions with my client. I think one of the court may ask a question about why we haven't done that. I can't answer that, partly because of attorney-client privilege. I don't think I'm able to answer that question. But if it's your position that Rule 273 says that the case is dismissed because of whatever basis you believe, then the counterclaim would be dismissed, too. No, it wouldn't, because they're separate. Now, the cases in this jurisdiction, it's pretty clear that if there's a contract action, a malpractice part is part of it. I think all of those cases involve a case where there was a contract action, things happen, there's a dismissal, there's a judgment, whatever happens, and then the plaintiff files a malpractice. That's not the case here. We did it immediately. And I think what should have happened in Kane with this last dismissal is that the judge needed to make a finding under 304A that there's no reason to delay the appeal, there's no reason to enforce a judgment. And that had to be in writing. That wasn't done. The appellant never asked for that. I don't think it was incumbent on us to ask for that. It was their onus. And they chose not to do it. DeMaggio's law office has chosen not to do a lot of things. And we could all look back and say, well, it should be this way, it should be this way, maybe it was my client's that way. And as counsel said, we have what we have. So your position is this appeal should be dismissed and you can go ask for relief in Kane County on your counterclaim? My position is that I'm not sure that this court should be listening to this argument because there still is one of the claims open and it's multiple claims. There's two claims. One of them was resolved. One of them is open. And you can't say because they're entwined, the resolution of one necessarily means the other is resolved. That makes no logical sense. How long has it been since you last visited that counterclaim? Since we last visited it? That would be in 2007. And are there any Kane County rules talking about? There is, Your Honor. And the rule says, as I understand it, that when a motion is made or a petition is put on file, if nothing happens, I believe the period is 90 days. The court may dismiss it. The court chose not to. When we were in the last time, when the initial thing was a motion to close and then it became give us time to respond or otherwise plead, that's when I filed a motion. The court didn't say this is dead and stale, it's gone. The court could have done it and it didn't. And DiMaggio chose not to pursue that as an avenue of getting her redress for her petition. Well, one of the reasons that we're here is to effectuate judicial economy. How is anything that's happening in this case accomplishing that? Not sure how to answer that. All I can say, Judge, in response to it is that when I have a petition in front of me, if I believe that there's grounds for dismissal other than going through evidentiary things, I have that option. I have the right to present that. That's all I've ever done. Now, again, my client, I can't force my client to do certain things. Well, you can withdraw if your client doesn't take your advice. Quite possibly. You're right, Judge. Sometimes we have a disagreement as to how to pursue with clients in general, and eventually things get resolved. Did the judge make any finding at the time he dismissed the case in Kane? This Judge Novarini, I think. Did he make any finding or make any determination at all with respect to the counterpoint? No. Did anybody bring to his attention that there was a counterclaim pending? You know, I don't have a recollection of that one way or the other, Judge. I don't know if I mentioned it during argument or if it was even brought up. I think the issues really were more along the lines of the effect of what happened in Cook County as how it affects this case. Correct. So how long had this judge been sitting in that courtroom at that time? He was not the trial judge. He was not the judge in that courtroom. No, he was not the trial judge. So it's reasonable that he overlooked the counterclaim, and that's the reason he didn't do anything with the counterclaim, correct? I don't know if the characterization overlooked is fair. I don't know whether he looked at it or not. I know he didn't mention it. And it wasn't brought to his attention by any of the parties. Correct. Do you think maybe some of the parties might have forgotten that there was a counterclaim? I certainly didn't. But that wasn't the issue. But you laid in wait and didn't say anything about the counterclaim, and so here we are in 2013, and the counterclaim hasn't been visited since 2007. How is that judicial economy? Judge, what I would say in response to that is that DeMaggio also knew about the counterclaim. It was not a surprise. They didn't have to know. The issue really was the effect in front of Judge Nogherini, the effect of the counterclaim. But aren't they intertwined, as we're seeing here today? In some respects they are. In other respects, they're separate claims. Because if DeMaggio, if he had a hearing and DeMaggio loses her thing in its entirety, that doesn't mean that I would lose on the counterclaim. So if they're separate claims, we have jurisdiction. No, if they're separate claims, you don't have jurisdiction because they're in the same case. They're two claims that are made, and there was no express finding as to why only part of the case was resolved. I understand, but you're saying you didn't say anything because they weren't really intertwined. They're separate cases. The fact is they're not separate cases. The fact is that they are intertwined. They're one and the same, which is why we don't. You're arguing we don't have jurisdiction. So, again, it's a double-edged sword for you. You argue one thing that benefits you, and then you're going to argue another thing that benefits you. The same as Supreme Court Rule 273. I suppose that's what makes us lawyers. I guess so. All right. My timekeeper is gone. So if you have anything else you need to say. Unless there's any other questions, I don't know. Thank you. Thank you. All right, and Mr. Corsi, I'll keep this one myself. I apologize, Your Honors. I did not expressly reserve rebuttal time when I stepped up here. You don't need to do that here. Thank you. We're forward-looking. I think I said it in the letter that I sent to confirm that I'd be arguing. With regard to the first-issue jurisdiction, it does not matter that the counterclaim was not asserted in Cook County. The case that we cited in our brief, Arbus v. Madigan, which is a res judicata case, ultimately they found that there was no res judicata in that case. But they state the often-recognized proposition that it doesn't matter what you actually assert. It's what you could have asserted. And that's why when we come back to the issue of the mandatory nature of needing to bring a legal malpractice case in a fee dispute case, that you can't dispose of one without disposing of the other as a result of it could have been brought in that action. Thank you. When counsel talks about two bites at the apple, I'm reminded of a sailing expression, that there's water, water everywhere but not a drop to drink. There's been an action in Cook and there's been an action in Kane County. But it can't be said that anyone got any substantive relief from either of those two actions. There's been no bite at the apple. The apple is still intact. It's never been touched. It's never been looked at on its merits to say, is somebody entitled to money? Is somebody not entitled to money? So there hasn't been two bites at the apple. There's been two filings. There's been two cases that pended at the same time to differing degrees that I guess we could say of pending. Don't we have a counterclaim pending right now in Kane County? I don't believe so, Your Honor, because of the fact that it was a mandatory counterclaim in Cook County. If that case under the divorce court's reasoning was an adjudication on the merits, then it also adjudicated the merits of Ms. Feigler's counterclaim, essentially rendering it a zero, a not guilty. There was no award given for that. But it is. If the divorce court's reasoning is appropriate and correct, then that necessarily has to be an adjudication on Ms. Feigler's counterclaim. And it's difficult to say that I, as a potential appellant, need to walk into the divorce court and say, I disagree with your reasoning. But here's my motion to dismiss the counterclaim based on what I believe is a flawed reasoning. So I don't believe Cook County was an adjudication on the merits. But assuming that's true, then dismiss the counterclaim because that also was adjudicated in the Cook County case. But nobody asked anybody to do that. Nobody asked Judge Novarini to do that. The problem that would arise by that is I would potentially be taking a position in litigation and receiving a benefit by it. And then I might be judicially stopped from trying to come back later and say that the court's reasoning is flawed. Well, then wouldn't the easiest way to deal with this, let's go back to economy, is go back into Kane County before you go to Cook County and resurrect the action? Absolutely. And that reminded me, Your Honor, in response to your question, Ms. DiMaggio, in her motion to close, did cite the local rule saying, as Mr. Stopka correctly cited, it's a discretionary thing with the circuit court. I can't say why that wasn't done. I think Ms. DiMaggio very clearly decided that she wanted to have her case heard in Cook County, believed that the Kane County case was done and over, and proceeded on that, albeit mistaken, belief. This is not, however, a situation where somehow Ms. Spiegler's petition survives because it wasn't, quote, unquote, filed until after the fee petition case was resolved. Resolute Accountant doesn't care about who filed first or who filed second. The simple fact of the matter is the Kane County court has now decided that Ms. DiMaggio's fee petition has been resolved, has been adjudicated, and it's well settled under Casney and under Bennett that a client cannot pursue a legal malpractice case after the fee petition has been resolved. So if the fee petition has been resolved, we can't go back to Kane County under established precedent and there be a realistic possibility of Ms. Spiegler being allowed to go and pursue her counterclaim. It's not allowed under the law. And I think that's what this court should do. It should find that it has jurisdiction over this appeal. It should reverse the Kane County court's May 2nd order, finding that there's been an adjudication on the merits, and send this matter back to Kane County so that it can be resolved and actually cut into that apple and see who gets what. All right. Thank you, counsel. Thank you very much for your time. All right. Thank you both for argument. We will make a decision in due course. We now stand in recess. Thank you.